KNICKERBOCKER PORTLAND CEMENT CO. v. RUKEYSER.    (No. 171–80.)

(Supreme Court, Appellate Division, Third Department.    July 1, 1915.)

INTEREST &ominus;67—EVIDENCE.

> A verdict finding that no interest was to be charged on the overdue account *held* not to be so against the weight of the evidence as to require a reversal of the judgment denying interest.
>
> [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 155, 156; Dec. Dig. &ominus;67.]

&ominus;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Columbia County.

Action by the Knickerbocker Portland Cement Company against Lawrence Rukeyser. Judgment for the plaintiff for the amount claimed, without interest, and plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Crandell & Graf, of Hudson (J. L. Crandell, of Hudson, of counsel), for appellant.

Manton Marks, of New York City, for respondent.

JOHN M. KELLOGG, J. The appellant's claim for interest on the damages recovered raises the only question upon this appeal. Plaintiff delivered to the defendant large quantities of cement in August, 1913, under an agreement by which the plaintiff claims a credit was extended for 60 days from delivery and the defendant claims the credit was for 90 days. In addition to the cement delivered August 26, 1913, and August 30, 1913, the plaintiff claimed three items of demurrage and also interest. The credits of the defendant consisted in moneys paid and bags in which the cement was shipped, for which he was entitled to a credit of 10 cents each. Upon the trial the dispute centered about a quantity of bags, which the defendant claimed he delivered and the plaintiff claims it did not receive, and the interest upon the balance due for the cement. The amount found due the plaintiff, without interest, was $485.14.

The action was commenced August 7, 1914. In the charge the court states that the only items in dispute were the interest and an item of $40 for bags alleged to have been returned, and that counsel had agreed that the jury need not compute the interest, but is to report whether there was a 60-day credit or a 90-day credit—

"and to leave it for the court and clerk to compute upon whichever basis you state the credit was to run, and also whether there was to be any interest on this claim. You will take the documents in evidence here, with such aid as they may be to you, and determine whether the principal is $485.14 or $525.14, and whether the interest ran from 60 days after the account was due or 90 days after it was due, or whether there was to be no interest added. If you find a verdict for the plaintiff, as you must, for one of these two amounts, state the amount of principal, and then add to that how the interest is to run, whether 60 days or 90 days, or none at all."

This charge was not excepted to. The verdict was for the plaintiff for "$485.14 net, no interest." When the verdict was received, the appellant asked that the court add interest after 90 days from the delivery. The court declined.

There had been prior sales of cement from the plaintiff to the defendant, and at times the defendant failed to pay when the time of credit arrived, and only paid after the plaintiff called his attention to the past-due bills. No interest was ever charged the defendant before. April 1, 1914, the plaintiff sent the defendant a bill, adding interest, and wrote him a note saying that they had charged interest. At that time the plaintiff directed its auditor to charge interest upon accounts. The jury evidently considered that the intention of the parties that the 60 days or the 90 days fixed as a due date was intended to in-

dicate the time when the payment might be expected, and that interest was not chargeable on accounts after they became due, but the matter was to be treated as an open account. In April there were items of the account in dispute, and payment was therefore delayed. The statement in the letter of that date that interest was chargeable from the time the 60 days had expired was not necessarily binding upon the defendant. We cannot say that under the stipulation and charge, considering the evidence, that it was not the practice between the parties to charge and pay interest, that the verdict of the jury is against the evidence to such an extent as requires a reversal.

We therefore conclude the judgment and order should be affirmed, with costs. All concur.